UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| VIRAL DRM LLC, | CASE NO.: 3:23-cv-04300 |
|---|---|
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND ORDER RESTRAINING TRANSFER OF ASSETS** |
| YOUTUBE UPLOADERS LISTED ON SCHEDULE A, | |
| Defendants. | |

This matter came before the court on plaintiff VIRAL DRM LLC's motion for a temporary restraining order, and upon expiration of the temporary restraining order, a preliminary injunction against Defendants, and an order restraining transfer of assets, pursuant to 17 U.S.C. §§ 502, 512(f), 1203, Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a), and this court's inherent authority.

Plaintiff asks the Court to enter a temporary restraining order and an order restraining the financial accounts used by defendants. As discussed below, Plaintiff has satisfied the requirements for issuance of a temporary restraining order.

**BACKGROUND**

The following factual background is taken from Plaintiff's complaint (ECF 1), the motion, and supporting evidentiary submissions and exhibits.

1    Plaintiff, Viral DRM, LLC, is a syndicator of award-winning videographic content created by talented videographers who travel around the globe in pursuit of Mother Nature's wrath. Plaintiff's videographers and photographers cover weather extremes from tornadoes, hurricanes, flooding, blizzards, volcanoes and climate change impacts.

Defendants are foreign YouTube uploaders who operate popular and financially lucrative YouTube channels. Defendants are physically located outside the United States living in countries with lax copyright protection and weak legal regimes. Defendants downloaded copies of plaintiff's copyrighted videographic works from the internet and then uploaded plaintiff's works to their YouTube channels where they placed advertising on plaintiff's videos to earn advertising revenue, grow their YouTube channel subscriber base, and engage in other money-making business activities using plaintiff's copyrighted media content.

Plaintiff discovered the unauthorized use of its works by defendants. The works pirated by defendants on YouTube are listed on Schedule A to the complaint. Upon discovering the defendants' unauthorized use, plaintiff submitted DMCA take-down notices to YouTube that are attached as Exhibit 3 to the complaint. Defendants responded to plaintiff's DMCA notices with false counternotices attached as Exhibit 4 to the complaint. Defendants' false counternotices claimed that defendants owned the rights to the plaintiff's works or asserted other false claims to lawful use in bad faith. The statements defendants made in the counternotices were materially false and defendants lacked a subjective good faith belief in the false statements contained therein when they made the false statements.

The Copyright Act allows plaintiff to obtain an accounting and to recover, as an equitable remedy, the actual damages suffered as result of the infringement and any additional profits of the defendants that are attributable to the infringement and are not taken into account in computing the actual damages. See 17 U.S.C. § 504(b), 512(f), 1203. This disgorgement remedy will be worthless unless the funds defendants' earned from advertising placed on their videos on their lucrative YouTube channels are frozen. Plaintiff has good reason to believe these foreign defendants will hide or transfer their ill-gotten advertising revenue beyond the jurisdiction of this Court unless the payments made to them by Google and the funds in their accounts are restrained.

2

PROPOSED ORDER                                              CASE NO. 3:23-CV-04300

To preserve the disgorgement and accounting remedy, Plaintiff seeks an order restraining defendants' assets, including specifically (1) funds paid to or due in the future to the defendants for YouTube advertising revenue within the control of YouTube and Google LLC, and (2) funds in the possession of or transmitted through electronic funds transfer services, foreign banks and domestic banks, payment service providers and money transfer services that defendants use to transfer funds to themselves or others from their Google Adsense accounts.

## LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balances of equities tips in his favor, and (4) that an injunction is in the public interest." *Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011) citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

Additionally, Fed. R. Civ. P. Rule 65 provides that:

The court may issue a temporary restraining order without written or oral notice to the adverse party of its attorney on if:

(A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Ex parte temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

# DISCUSSION

Based on declarations submitted in support of Plaintiff's motion, the Court concludes that Plaintiff has a strong probability of proving at trial that defendants have (1) infringed Plaintiff's copyrighted works, and that the infringement of the works will likely cause Plaintiff to suffer immediate and irreparable injury if a preliminary injunction is not granted; (2) that defendants submitted false "put-back" or counternotices in violation of 17 U.S.C. § 512(f); and (3) that defendants have removed, altered and falsified CMI in violation of 17 U.S.C. § 1202.

The following specific facts, as set forth in Plaintiff's complaint, the motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to plaintiff before defendants can be heard in opposition unless plaintiff's request for *ex parte* relief is granted: (1) defendants engaged in copyright infringement and piracy of plaintiff's videos on YouTube; (2) defendants monetized their pirated videos and earned thousands of dollars in advertising revenue from video piracy; (3) defendants responded to DMCA takedown notices with false and misleading counternotices in which they falsely and in bad faith claimed to have the rights to display Viral DRM's videos on YouTube; (4) defendants all gave false contact information in their counternotices to avoid detection and discovery of their true identities; (5) defendants all reside outside the United States in countries with weak legal regimes and copyright protections where pursuing defendants for recovery of plaintiff's damages will be impossible.

The entry of a Temporary Restraining Order would immediately preserve the *status quo* and freeze the defendants' funds and YouTube accounts and channels until such time as a hearing can be held. Absent a TRO, defendants can and, based upon plaintiff's counsel's past experience, will significantly alter the *status quo* before the Court can determine the parties' respective rights.

Accordingly, the Court, having considered the motion, and having found good cause, it is **ORDERED** that the motion is **GRANTED** and a temporary restraining order is entered as follows:

## TEMPORARY RESTRAINING ORDER

Each defendant, their agents, officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court: from downloading, uploading, copying, displaying, distributing or creating derivative works of plaintiff's copyrighted works or any other of plaintiff's copyrighted video content; and

Each defendant, their agents, officers, directors, employees, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Order shall immediately discontinue, until further Order of this Court, all uses of plaintiff's copyrighted works, on or in connection with all YouTube channels and other video broadcasting channels owned and operated, or controlled by them, including the YouTube channels defendants operate.

Each defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of plaintiff's copyrighted works, on any YouTube channel, Facebook page, or any other webpage registered, owned, or operated by any defendant, including the defendants' YouTube channels.

Each defendant shall not transfer ownership or control of their YouTube channels and Google AdSense accounts during the pendency of this action, or until further order of the Court.

Each defendant shall continue to preserve copies of all computer files relating to the defendants' YouTube channels and shall take all steps necessary to retrieve computer files relating to their YouTube channels that may have been deleted before the entry of this Order.

Google, LLC, and its YouTube business shall, upon receipt of this order, **and without any advance notice to the defendants prior to compliance therewith**, immediately freeze the operation of defendants' YouTube channels and AdSense accounts so that they continue to operate but that defendants are prohibited from uploading or downloading content, transferring ownership or control, or withdrawing or transferring funds associated therewith during the pendency of this action, or until further order of the Court.

Upon receipt of notice of this Order, **and without any advance notice to the defendants prior to compliance therewith**, Google, Google AdSense, YouTube, and all financial institutions, payment processors, money transfer services, banks, escrow services, and money transmitters, including but not limited to, PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), WorldFirst UK Limited ("WorldFirst"), PingPong Global Solutions Inc. ("PingPong"), Stripe, Inc. and/or Stripe Payments Company ("Stripe"), or other payment processors or money transfer services, and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the defendants, the defendants' Google AdSense accounts, the defendants YouTube channels, and/or the e-mail addresses produced to plaintiff by Google, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

Upon receipt of notice of this Order, **and without any advance notice to the defendants prior to compliance therewith**, Google, Google AdSense, YouTube, and all financial institutions, payment processors, money transfer services, banks, escrow services, and money transmitters, including but not limited to, PayPal, Payoneer, WorldFirst, PingPong, Stripe, or other payment processors or money transfer services, and their related companies and affiliates shall further, to the extent not already done, provide plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical receipts for the defendants' YouTube channels; and (iv) the true identities along with complete contact information including email addresses of all defendants.

No funds restrained by this Order shall be transferred or surrendered by any defendant, Google, Google AdSense, YouTube, and all financial institutions, payment processors, money

6

transfer services, banks, escrow services, and money transmitters, including but not limited to, PayPal, Payoneer, WorldFirst, PingPong, Stripe, or other payment processors or money transfer services, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

No defendant whose funds are restrained by this Order may transfer said funds in possession of Google, Google AdSense, YouTube, and all financial institutions, payment processors, money transfer services, banks, escrow services, and money transmitters, including but not limited to, PayPal, Payoneer, WorldFirst, PingPong, Stripe, or other payment processors or money transfer services, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

Any defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

This Order shall apply to the defendants, the defendants' YouTube channels, and any other YouTube channels, websites, or financial accounts which are being used by defendants for the purpose of pirating the plaintiff's copyrighted works.

This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties.

**BOND TO BE POSTED**

Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment of damages to which defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court, and in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

# PRELIMINARY INJUNCTION

Plaintiff shall post copies of the complaint, the motion for TRO, this Order, as well as all other documents filed in this action on the website located at www.sriplaw.com/notice and shall provide the address to the website to the defendants via e-mail, and such notice so given shall be deemed good and sufficient service thereof.

Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to defendants by regularly updating the website located at www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

A (telephonic/remote video/in person) hearing is set before this Court in the United States Courthouse located at [INSERT ADDRESS] on [INSERT DATE AND TIME], at which time defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction.

Any response or opposition to Plaintiff's motion for preliminary injunction must be filed and served on Plaintiff's counsel by [DATE FOR OPPOSITION].

Plaintiff shall file any reply memorandum on or before [DATE FOR REPLY].

The above dates may be revised upon stipulation by all parties and approval of this Court.

Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant 17 U.S.C. §§ 502, 512(f), 1203, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

**DONE AND ORDERED** in _____, California, this __ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE