**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRAL DRM LLC, | CASE NO.: 3:23-cv-04300 |
| Plaintiffs, | |
| v. | [PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ALTERNATE SERVICE |
| YOUTUBE UPLOADERS LISTED ON SCHEDULE A, | |
| Defendants. | |

This matter is before the Court on Plaintiff's motion for an order authorizing alternate service of process on Defendants motion for order authorizing alternate service of process on Defendants pursuant to Fed. R. Civ. P. Rule 4(f)(3) (DE 6)(the "Motion"). For the reasons stated herein, the Motion is GRANTED.

This is a copyright video piracy case. Defendants are foreign YouTube uploaders who operate popular and financially lucrative YouTube channels. Defendants are physically located outside the United States living in countries with lax copyright protection and weak legal regimes. Plaintiff alleges defendants downloaded copies of plaintiff's copyrighted videographic works from the internet and then uploaded plaintiff's works to their YouTube channels where they placed advertising on plaintiff's videos to earn advertising revenue, grow their YouTube channel subscriber base, and engage in other money-making business activities using plaintiff's copyrighted media content.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order authorizing service of process on Defendants via electronic mail and via website posting.

The court finds that alternate service by e-mail and by posting on a designated website are appropriate and necessary in this case, because defendants (1) operate via the Internet, and (2) rely on electronic communications to operate their businesses. As such, plaintiff has the ability to contact defendants directly and provide notice of plaintiff's claims against them electronically via e-mail. Additionally, plaintiff has created a website and will be posting copies of the complaint, this instant motion, and all other documents filed in this action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign Defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the Defendants. *See Farhang v. Indian Institute of Technology, Kharagpur*, No. C-08-02658 RMW, 2010 WL 11721981 (N.D. Cal. July 29, 2010).

"Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Chanel, Inc. v. Zhixian,* No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

"A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *Sec. & Exch. Comm'n v. Palm House Hotel, LLP*, No. 18-CV-81038, 2018 WL 9849603, at *1–2 (S.D. Fla. Nov. 7, 2018) (citation omitted).

"The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *Id.*

# DISCUSSION

Here, service by e-mail and web publication are not prohibited by international agreement. Based upon the data provided by Google in response to subpoena, defendants are residing and/or operating from the following countries: Ukraine, Slovenia, Albania, Viet Nam, and Egypt.

The United States and all of these nations are signatories to the Hague Convention on the Service Abroad of Judicial and Extra- Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). The Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or posting on a designated website. As such, there are no international agreements prohibiting service by e-mail or posting on a designated website.

Alternative means of service, such as e-mail and website posting, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means.

The Hague Convention does not specifically preclude service by e-mail and Internet publication. Further, "[w]here a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e- mail or publication." *See Media Trademark and Licensing Limited v. COINGEEKLTD.com*, No. CV-21-00214-PHX-DWL, 2021 WL 2895289 (D. Ariz. July 9, 2021) citing *Karsten Mfg. Corp. v. Store*, No. 18-61624-CIV, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (citation omitted).

"A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Id*. China has not objected to service by e-mail or Internet publication. While China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels, it has not expressly objected to service via e-mail or publication. Accordingly, service by these means do not violate an international agreement. *See Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, 480 F.Supp.3d 977 (N.D. Cal. Aug. 19, 2020); *WeWork Cos. v. WePlus (Shanghai) Tech. Co.,* No. 5:18-cv-04543-EJD, 2019 U.S. Dist. LEXIS 5047 (N.D. Cal. Jan. 10, 2019) (denying motion to quash alternate service by email on Chinese company); *Keck v. Alibaba.com, Inc.,* No. 17-5672 BLF, 2018 U.S.

Dist. LEXIS 128396, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) ("there is no international agreement precluding service on China-based defendants by electronics means"); *Microsoft Corp. v. Goldah.com Network Technology Co., Ltd*., No. 17-2896 LHK, 2017 U.S. Dist. LEXIS 168537, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) ("Yet China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case."); *Juicero, Inc. v. Itaste Co.,* No. 17-1921 BLF, 2017 U.S. Dist. LEXIS 86033, 2017 WL 3996196, at *2 (N.D. Cal. June 5, 2017) (email service on Chinese defendant "at least a permissible means in this case when combined with the two other means"); *In re LDK Solar Securities Litigation,* No. 07-7182 WHA, 2008 U.S. Dist. LEXIS 90702, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (permitting service of Chinese defendants under Rule 4(f)(3), despite China's objections to Article 10, because the service requested did not [*8] involve service by "postal channels"); *Williams-Sonoma Inc. v. Friendfinder Inc.,* No. 06-6572 JSW, 2007 U.S. Dist. LEXIS 31299, 2007 WL 1140639, at *2 (N.D. Cal. April 17, 2007) (Ukraine, Czech Republic, Switzerland and Norway object to service via postal channels; however,"WSI has demonstrated that service via email is not prohibited by an international agreement.").

Additionally, due process is not offended. Defendants have at least one known and valid form of electronic contact and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants. The address to this website will be provided to Defendants through their known e-mail accounts and onsite contact forms embedded in Defendants' respective e-commerce stores or websites.

Service by e-mail and website posting are therefore reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections. Moreover, these are the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses.

Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting. Accordingly, it is **ORDERED** that the Motion is **GRANTED**. Plaintiff is permitted

1  to serve the Summonses, Complaint, and all other filings and discovery in this matter upon each
2  Defendant by:  serving these documents on Defendants at
3      a)    ~~by providing the address to Plaintiff's designated website to defendants via~~ the e-mail
4  accounts provided by each defendant to Google and YouTube; and
5      b)    by publicly posting a copy of the summonses, complaint, and all filings in this matter
6  on Plaintiff's designated website appearing at www.sriplaw.com/notice.

8      **DONE AND ORDERED** in <u>San Francisco</u>, California, this <u>29th</u> day of <u>August</u>, 2023.

_____
UNITED STATES DISTRICT JUDGE



IT IS SO ORDERED AS MODIFIED
Judge Jacqueline Scott Corley