

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 866.974.7329

September 12, 2023

District Judge Jacqueline Scott Corley
San Francisco Courthouse
450 Golden Gate Avenue
Courtroom 8—19th Floor
San Francisco, CA 94102

Re:   *Viral DRM LLC v. YouTube Uploaders Listed on Schedule A*,
        **Case No.: 3:23-cv-04300-JSC**

Your Honor:

We are counsel to non-party Google LLC in connection with this matter.  We have received notice of the further *ex parte* motion Plaintiff has filed in this matter (Dkt. No. 26) seeking an order that: (a) allows Plaintiff to serve Google with a second subpoena prior to service of the complaint on any defendant; and (b) compels Google's compliance with the subpoena without regard to any potential objection.  We write with a brief response.

Google takes no position on the copyright infringement claims Plaintiff has asserted in this action.  It understands Plaintiff's desire to preserve the ability to seek redress for those claims, and the concern that if Plaintiff serves Defendants or if Defendants learn of this case, Defendants might dissipate assets that Plaintiff could claim if Plaintiff prevails. To that end, in response to this Court's Temporary Restraining Order, as modified following notice to Google and a meet and confer with Plaintiff's counsel, (Dkt. No. 25),  Google has temporarily frozen the revenue bearing "AdSense" accounts associated with six specific YouTube channels that Plaintiff identified.[1]  Google has also informed Plaintiff's counsel of the other institutions to which the AdSense accounts transfer funds, so that Plaintiff may seek orders compelling the institutions to freeze funds in the specific transferee accounts.   Google is concerned, however, about providing Plaintiff, on an *ex parte* basis, with the specific bank account information to which funds have been transferred, and the TRO is unclear as to whether and when that may be required.   The problem is that there is no protective order in place limiting Plaintiff's use of the bank account information or requiring that Plaintiff maintain such information in confidence.  While Plaintiff may have an interest in the secrecy of its litigation activity, Defendants have an interest in their financial privacy that they cannot defend because they have not yet been served with process.  That is the issue joined in the email correspondence that Plaintiff includes as Ex. 2 to its ex parte application, and one on which Google requests the Court's guidance.

---

[1] Plaintiff did not give Google notice that the Court rescheduled the TRO hearing on Plaintiff's application from August 31, 2023 to August 29 (Dkt. No. 17).  Google thus did not appear.

**WILSON
SONSINI**

District Judge Jacqueline Scott Corley
September 12, 2023
Page 2

With respect to the relief Plaintiff seeks in the application itself, Google has offered to accept service of a subpoena seeking information "sufficient to identify" the account holders of 13 additional, specific YouTube accounts, as provided for by 17 U.S.C. §512(h).  But the subpoena Plaintiff proposes to serve goes beyond what that statute contemplates.  First, the proposed subpoena does not comply with the requirements of a 512(h) subpoena because it does not include the information required by 512(h)(2)(A) or (C), namely a copy of a prior DMCA takedown notice sent to Google and a sworn declaration about the limited purpose for which the information is sought and will be used.  Second, the proposed subpoena seeks information well beyond that "sufficient" to identify alleged infringers under 512(h)(3).  Here, Plaintiff effectively seeks any and all identifying information for those YouTube account holders, along with information regarding their AdSense accounts.  That is overbroad.  The DMCA contemplates that once a Plaintiff has sufficiently identified an alleged infringer, the Plaintiff will serve a complaint on the alleged infringer and discovery can proceed as between the litigants.  Plaintiff's application instead seeks substantive, non-party discovery on an *ex parte* basis before Defendants have been served with a summons and complaint.

Plaintiff's application and proposed order also ask the Court to compel compliance with the subpoena, without regard to Google's objections.  Google would have several.  Most notably, burden.  Google is a non-party. But Plaintiff's subpoena gives it only two days to comply with a subpoena covering 13 different YouTube channels, even though Google informed Plaintiff it would need two weeks.  Further, Google has already responded to a 512(h) subpoena from Plaintiff, and to a separate TRO compelling production of additional information.  This is thus the third demand for information from Google in Plaintiff's *ex parte* campaign and Google is incurring thousands of dollars in expense to respond.  Those costs should be borne by Plaintiff.  In addition, Plaintiff's latest subpoena is vague insofar as it seeks information "sufficient to identify the true name, addresses, telephone numbers, email addresses, and other identifying information" for YouTube channel account holders.  Google does not know what "information sufficient to identify" "other identifying information" means and as noted, Plaintiff's request goes beyond 512(h).

We would welcome the opportunity to discuss these issues with the Court if it believes a hearing on this matter would be helpful.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

David H. Kramer