1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

12

VIRAL DRM LLC,

              Plaintiff,

    v.

MAXIM ONYSHCHUK, a.k.a. CLIMATE
CHANGE, et al.,

              Defendants.

Case No.  3:23-cv-04300-JSC

**ORDER DENYING MOTION FOR
DEFAULT JUDGMENT; AND ORDER
TO SHOW CAUSE RE: PERSONAL
JURISDICTION AND JOINDER**

Re: Dkt. No. 60

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

      Plaintiff Viral DRM LLC syndicates and licenses video content of extreme weather events from around the world. Plaintiff brings copyright infringement claims against eight Defendants. Defendants, who are foreign citizens, allegedly downloaded and copied Plaintiff's copyrighted materials from YouTube, and then re-uploaded infringing versions of Plaintiff's copyrighted media content to their YouTube channels.  The Court previously granted Plaintiff's motion for a temporary restraining order (TRO) and motion for alternative service.  (Dkt. Nos. 20, 21.[1]) Plaintiff served Defendants via email on October 18, 2023 and the Court converted the TRO into a preliminary injunction on November 2, 2023.  (Dkt. Nos. 44, 49.)  After no Defendant appeared, the Clerk entered their default and Plaintiff's motion for default judgment is now pending before the Court.  (Dkt. Nos. 56, 60.)  After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES the motion for preliminary injunction.  Plaintiff has failed to meet its burden of demonstrating the Court has personal jurisdiction over Defendants.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DISCUSSION**

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for—and the court may grant—a default judgment against a defendant who has failed to plead or otherwise defend an action. *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Courts have a duty to examine both subject matter and personal jurisdiction when default judgment is sought against a non-appearing party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

**A.    Jurisdiction**

The Court has federal question subject matter jurisdiction over Plaintiff's copyright infringement claims under 17 U.S.C. § 501. *See* 28 U.S.C. § 1331. Plaintiff, however, has not met its burden of establishing personal jurisdiction over the nonresident defendants here. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). "For a court to have specific personal jurisdiction in an intentional tort or copyright case, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo, Inc. v. Brand Techs.*, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). Further, where there are multiple defendants, "[t]he jurisdictional inquiry must decouple defendants, considering whether each individual defendant has had sufficient 'minimum contacts' with the forum state to justify an exercise of jurisdiction." *See Burri Law PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022).

Plaintiff's motion for default judgment makes no such showing. First, the motion itself is self-contradictory and incomplete. Plaintiff contends on the one hand "[a]ll of The YouTube Uploaders are foreign citizens," while also arguing the Court "has personal jurisdiction over The YouTube Uploaders because they are domiciled in California. The YouTube Uploaders's principal place of business is at . Therefore, this Court has personal jurisdiction over The YouTube Uploaders." (*Compare* Dkt. No. 60-1 at 12 *with* Dkt. No. 60-1 at 13.) Second, to the extent Plaintiff intends to argue express aiming based on "allegedly displaying copyright protected photos via videos uploaded to YouTube from [foreign locations]" this conduct is not sufficient to "create a substantial connection with [California]." *Werner v. Dowlatsingh*, 818 F. App'x 671, 672 (9th Cir. 2020). "Uploading a video to YouTube—which has its headquarters in San Bruno,

2

United States District Court
Northern District of California

1    California—is not an act expressly aimed at California simply because the company is based in the

2    state." *Id*. at 672 n.1.  Finally, while the Complaint alleges "defendant [sic] are subject to personal

3    jurisdiction in this district, and because defendants consented to this venue when defendants

4    provided the counternotification(s) referred to herein because the service provider provided with

5    the counternotification(s) can be found in this judicial district," Plaintiff's submission represents

6    only three of the eight Defendants served counternotices, and, in any event, the motion for default

7    judgment makes no personal jurisdiction argument regarding the counternotices.  (Dkt. No. 1 at ¶

8    11; Dkt. No. 1-4; Dkt. No. 60-6.)

9        Accordingly, Plaintiff has not met its burden of demonstrating personal jurisdiction over

10   Defendants.  The Court thus need not consider whether default judgment is proper under Rule

11   55(b) and the *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), factors.  *See Vachani v.*

12   *Yakovlev*, 2016 WL 1598668, at *3 (N.D. Cal. Apr. 21, 2016) ("The court cannot enter a default

13   judgment unless it has jurisdiction over both the subject matter and the parties.").   Plaintiff's

14   motion for default judgment is DENIED.

15       **B.      Preliminary Injunction**

16       In light of the Court's concerns regarding personal jurisdiction, the Court DISSOLVES the

17   preliminary injunction as to the Defendants who did not serve counternotices.  (Dkt. No. 49.)  The

18   preliminary injunction order remains in place only as to the three Defendants who served

19   counternotices: Extreme Weather&Natural Disasters, NA Weather, and WAHR.  (Dkt. No. 1-4;

20   Dkt. No. 60-6.)

21       **C.      Misjoinder**

22       The Court also has concerns as to whether all Defendants are properly joined in this action.

23   Under Federal Rule of Civil Procedure 20, a plaintiff may join defendants in one action if:

24              (A) any right to relief is asserted against them jointly,
          severally, or in the alternative with respect to or arising out of the
25         same transaction, occurrence, or series of transactions or occurrences;
          and
26              (B) any question of law or fact common to all defendants will
          arise in the action.
27
      Fed. R. Civ. P. 20(a)(2).  Both prongs must be satisfied.  *See Visendi v. Bank of Am., N.A.*, 733
28

1   F.3d 863, 870 (9th Cir. 2013).  The misjoinder issue may be raised by the court sua sponte.  Fed.

2   R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a

3   party").

4        The Court's review of the complaint demonstrates the first requirement is not satisfied:

5   Plaintiff does not allege each defendant is jointly, severally, or in the alternative liable for the

6   infringement of another defendant arising out of the same transaction, occurrence, or series of

7   transactions or occurrences.  And it does not appear that it could do so as Schedule A to Complaint

8   alleges the Defendants have different websites, different names, and are from different countries.

9   (Dkt. No. 1-1.)  There are no allegations suggesting the claims against each separate Defendant

10  arise out of the same transaction or occurrence; rather, they allege separate acts of copyright

11  infringement.  *See, e.g., Fashion Ave. Sweater Knits, LLC v. A'Gaci*, LLC, No. 20-7165 CJC

12  (JEMx), 2020 WL 13248958, at *1 (C.D. Cal. Oct. 26, 2020) ("allegations that multiple unrelated

13  defendants infringed the same copyright do not support joinder under Rule 20"); *Golden Scorpio*

14  *Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("allegations against

15  multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not

16  support joinder under Rule 20(a)").

17       **D**.    **Order to Show Cause**

18       In light of the above, Plaintiff is ORDERED TO SHOW CAUSE as to (1) how the Court

19  has personal jurisdiction over each separate Defendant, and (2) how joinder in this lawsuit of these

20  eight Defendants operating different YouTube channels from different countries is proper under

21  Federal Rule of Civil Procedure 20(a)(2).   Plaintiff shall file a written response to this Order by

22  February 1, 2024.  Plaintiff may, in connection with this submission, file an amended complaint

23  by that same date.  For any Defendant for whom Plaintiff does not have a good faith basis for

24  asserting personal jurisdiction in light of the authority cited in this Order, Plaintiff may remove

25  such Defendant from the amended complaint.  Same for any Defendant Plaintiff determines cannot

26  be properly joined under Rule 20(a)(2).  *See DirecTV, Inc. v. Leto,* 467 F.3d 842, 845 (3d Cir.

27  2006) (noting a court may *"drop"* a defendant under Rule 21, dismissing the defendant from the

28  case without prejudice).

United States District Court
Northern District of California

4

1    If Plaintiff does not satisfy the Court of its personal jurisdiction of a particular defendant,

2  that defendant will be dismissed without prejudice.  The Court will also dismiss any misjoined

3  defendant; however, the case will be allowed to proceed against the first named defendant for

4  which Plaintiff has established a prima face case of personal jurisdiction.

5    The Court sets a further Case Management Conference for February 8, 2024 at 1:30 p.m.

6  via Zoom video.  Plaintiff shall serve by email a copy of this Order on all Defendants and file a

7  proof of service.

8    This Order disposes of Docket No. 60.

9

10   **IT IS SO ORDERED.**

11  Dated:  January 17, 2024

12

13  _____

14  JACQUELINE SCOTT CORLEY
United States District Judge