Matthew L. Rollin (SBN 332631)
Joel B. Rothman (*Pro Hac Vice*)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
Matthew.rollin@sriplaw.com
Joel.rothman@sriplaw.com

Counsel for Plaintiff
Viral DRM LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRAL DRM LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MARYNA LIETUCHEVA,<br><br>　　　　Defendant. | CASE NO.: 3:23-cv-04300-JSC<br><br>**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AND INCORPORATED MEMORANDUM OF LAW** |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff Viral DRM, LLC ("Viral DRM" or "Plaintiff") hereby requests this Court, *ex parte*, for an order authorizing alternate service of process on Defendant MARYNA LIETUCHEVA ("Lietucheva" or "Defendant"), who does not reside in the United States, but instead resides in Ukraine.

This application is made on the grounds that: Alternate service by e-mail and by posting on a designated website are appropriate and necessary in this case, because Defendant (1) operates via the Internet, and (2) relies on electronic communications to operate her business. As such, Plaintiff has

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

the ability to contact Defendant directly and provide notice of Plaintiff's claims against her electronically via e-mail.

This application will be based on this Notice of Application, Memorandum of Points and Authorities, and the Declaration of Matthew Rollin filed herewith.

DATED: March 5, 2024             */s/ Matthew L. Rollin*
                                 MATTHEW L. ROLLIN
                                 **SRIPLAW, P.A.**
                                 Attorneys for Plaintiff Viral DRM LLC

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  STATEMENT OF FACTS .............................................................................................. 2

III. ARGUMENT ................................................................................................................... 3

  A. The Court May Authorize Service via Electronic Mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3). ................................................................................ 3

  B. Service of Process Via Electronic Means Are Not Prohibited by International Agreement. .... 7

IV. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**                                                **Page(s)**

*Balintulo v. Daimler AG* (*In re S. African Apartheid Litig.*),
    643 F. Supp. 2d 423 (S.D.N.Y. 2009) .................................................................................. 10

*Broadfoot v. Diaz* (*In re Int'l Telemedia Assocs.*),
    245 B.R. 713 (Bankr. N.D. Ga. 2000) ................................................................................. 6, 7

*Chanel, Inc. v. Zhong Zhibing*,
    2010 WL 1009981 (W.D. Tenn. Mar. 17, 2010) ..................................................................... 7

*FTC v. PCCare247 Inc.*,
    2013 U.S. Dist. LEXIS 31969 (S.D.N.Y. Mar. 7, 2013) ........................................................ 10

*Gurung v. Malhotra*,
    279 F.R.D. 215 (S.D.N.Y. 2011) ........................................................................................... 10

*In re LDK Solar Sec. Litig.*,
    2008 U.S. Dist. LEXIS 90702, 2008 WL 2415186 ................................................................. 9

*Juicero, Inc. v. iTaste Co.*,
    2017 U.S. Dist. LEXIS 86033, 2017 WL 3996196 ................................................................. 9

*Keck v. Alibaba.com, Inc.*,
    2018 U.S. Dist. LEXIS 128396, 2018 WL 3632160 ........................................................... 5, 9

*Lamm ex rel. Doherty v. Bumbo, Bumbo Ltd., Nos. C 07-040807 MHP, C 07-05597 MHP*,
    2008 WL 2095770 (N.D. Cal. May 14, 2008) ......................................................................... 5

*Microsoft Corp. v. Goldah.Com Network Tech. Co.*,
    2017 U.S. Dist. LEXIS 168537, 2017 WL 4536417 ............................................................... 9

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950) ............................................................................................................ 6, 8

*NASCAR v. Doe*,
    584 F. Supp. 2d 824 (W.D.N.C. 2008) ................................................................................. 6, 8

*Popular Enters., L.L.C. v. Webcom Media Grp., Inc.*,
    225 F.R.D. 560 (E.D. Tenn. 2004) .......................................................................................... 7

*Richmond Techs., Inc. v. Aumtech Bus. Sols.*,
    2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ........................................................ 10

*Rio Props. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ........................................................................................ 5, 6, 7

*Technology Co.*,
    480 F. Supp. 3d 977 (N.D. Cal. Aug. 19, 2020) ...................................................................... 9

*WeWork Cos. v. WePlus Tech. Co.*,
    2019 U.S. Dist. LEXIS 5047 (N.D. Cal. Jan. 10, 2019) .......................................................... 9

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

*WhosHere, Inc. v. Orun*,
   2014 U.S. Dist. LEXIS 22084 (E.D. Va. Feb. 20, 2014) .......................................................... 10

*Williams-Sonoma Inc. v. Friendfinder, Inc.*,
   2007 U.S. Dist. LEXIS 31299, 2007 WL 1140639 ........................................................................ 9

**Statutes**

17 U.S.C. § 512 ................................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 4 ................................................................................................................. *passim*

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

Plaintiff VIRAL DRM LLC by and through undersigned counsel, hereby moves this Court for an order authorizing alternate service of process on Lietucheva, and in support thereof states as follows:

## I.     **<u>INTRODUCTION</u>**

Plaintiff, Viral DRM, LLC, is a syndicator of award-winning videographic content created by talented videographers who travel around the globe in pursuit of Mother Nature's wrath. Plaintiff's videographers and photographers cover weather extremes from tornadoes, hurricanes, flooding, blizzards, volcanoes and climate change impacts.

Defendant is a foreign YouTube uploader who operates a popular and financially lucrative YouTube channel. Defendant is physically located outside the United States living in a country with lax copyright protection and weak legal regimes. Defendant downloaded copies of plaintiff's copyrighted videographic works from the internet and then uploaded plaintiff's works to her YouTube channel where they placed advertising on plaintiff's videos to earn advertising revenue, grow her YouTube channel subscriber base, and engage in other money-making business activities using plaintiff's copyrighted media content.

Defendant is knowingly and intentionally promoting, advertising, displaying and distributing plaintiff's registered copyrighted works within this district and throughout the United States.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order authorizing service of process on Lietucheva via electronic mail and via website posting.

Alternate service by e-mail and by posting on a designated website are appropriate and necessary in this case, because defendant (1) operates via the Internet, and (2) relies on electronic communications to operate her business. As such, plaintiff has the ability to contact defendant directly and provide notice of plaintiff's claims against her electronically via e-mail.

Additionally, plaintiff has created a website and will be posting copies of the complaint, this instant motion, and all other documents filed in this action.

Plaintiff respectfully submits that an order allowing service of process, and service of all filings, via e-mail and by posting on a designated website in this case will benefit all parties and the

Court by ensuring defendant receives immediate notice of the pendency of this action and allowing this action to move forward expeditiously.

Absent the ability to serve defendant by e-mail and/or by website posting, plaintiff will almost certainly be left without the ability to pursue a remedy.

## II.   STATEMENT OF FACTS

1. Lietucheva operates an extremely popular and valuable YouTube channel with over 100,000 subscribers, and numerous videos. It is believed Defendant earns significant revenue from the display of pirated video content.

2. As a practical matter, it is necessary for a defendant who operates entirely online to maintain a valid electronic means of communication. It is necessary for Lietucheva, who operates entirely online, to provide Google with a valid electronic means to contact her. Lietucheva must maintain an accurate e-mail address in order to communicate with Google, receive notice of DMCA takedowns, submit counternotices, receive payment advices, and communicate with YouTube concerning her YouTube channel. (Rollin Decl. ¶ 4).

3. Plaintiff has created a website that appears at the URL www.sriplaw.com/notice ("Plaintiff's Website"), such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action. (Rollin Decl. ¶ 7).

4. According to Google's subpoena response, Lietucheva resides and/or operates from Ukraine. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra- Judicial Documents in Civil and Commercial Matters ("Hague Convention") and its website maintained here: https://www.hcch.net/en/home.

5. Ukraine is a party to the Hague Convention: https://www.hcch.net/en/states/authorities/details3/?aid=251 Ukraine has not opposed the service of documents in their territory by the alternative means of service outlined in Article 10 of the Hague Convention, including the service of process by postal channels. The Hague Convention does not preclude service by e-mail or website publication, and the declarations to the Hague Convention filed by Ukraine do not expressly prohibit e-mail service or service by website publication.

Furthermore, service by normal means is currently impossible because of this declaration dated 09-03-2022: "In view of the ongoing aggression of the Russian Federation against Ukraine, Ukraine hereby informs the Depositary […] of the inability to guarantee the fulfilment by the Ukrainian side of obligations [under the above Convention] to the full extent for the period of the armed aggression of the Russian Federation and the martial law in place in the territory of Ukraine until complete termination of the encroachment upon the sovereignty, territorial integrity and inviolability of Ukraine." (Rollin Decl. ¶ 6).

### III.   ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3) allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via e-mail and by posting on Plaintiff's Website are appropriate given that defendants have established Internet-based businesses by which they rely on electronic communications for their operation. Accordingly, this Court should permit service on defendants by e-mail and website posting.

#### A.   The Court May Authorize Service via Electronic Mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). *Lamm ex rel. Doherty v. Bumbo, Bumbo Ltd.*, Nos. C 07-040807 MHP, C 07-05597 MHP, 2008 WL 2095770 (N.D. Cal. May 14, 2008).

Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. *Id.* at *11.

In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. *Rio Props.,* 284 F.3d at 1116; *Keck v. Alibaba.com, Inc.,* No. 17-CV-05672-BLF, 2018 U.S. Dist. LEXIS 128396, 2018 WL 3632160, at *4 (N.D. Cal. July 31, 2018) ("The decision to provide an order under Rule 4(f)(3) is within the sound discretion of the district court, which must determine whether the 'particularities and necessities of a given case require alternative service of process'" quoting *Rio Props.*)

Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). *Rio Props.*, 284 F.3d at 1114-15.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *Rio Props.,* 284 F.3d at 1016.

Federal courts have allowed a variety of alternative service methods, including service by e-mail and service by posting on a designated website, where a Plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a Defendant of the pendency of the action. See, e.g., *Rio Props.*, 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business Defendant "was constitutionally acceptable"); *In re Int'l Telemedia Assocs.*, 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a Defendant with real notice, surely those communication channels utilized and preferred by the Defendant himself must be included among them."); *Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [Plaintiff's website].").

Here, service on Lietucheva by e-mail and by posting on Plaintiff's website will satisfy due process by apprising her of the action and giving her the opportunity to answer plaintiff's claims. Based upon plaintiff's investigation, Lietucheva has multiple forms of electronic means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with Lietucheva, and consequently, the most reliable means of providing Lietucheva with notice of this action. (Rollin Decl. ¶¶ 7-8).

Moreover, service by posting on Plaintiff's website will be an additional source of reliability as Lietucheva will be able to see copies of the complaint and all other documents in this matter electronically via their Internet browser. (Rollin Decl. ¶ 8).

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when a plaintiff has proven that e-mail is the most effective means of providing a defendant notice of the action. See *Rio Properties*, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the Defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the Defendant]."). See also *Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon Defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts") (citation omitted).

The *Rio Properties* and *Popular Enters., LLC* courts each determined e-mail service to be appropriate in part because, as in this case, the Defendants conducted their business online, used e-mail regularly in their business, and encouraged parties to contact them via e-mail. *Id*. In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Rio Properties*, 284 F.3d at 1018; *In re Int'l Telemedia Associates,* 245 B.R. at 722 ("A Defendant should not be

allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party" (concluding e-mail and facsimile service to be appropriate)); *Chanel, Inc. v. Zhibing*, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).

Plaintiff submits that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Lietucheva's decision to conduct her illegal businesses using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a Defendant by posting on a designated website has been deemed an appropriate means of service by posting. *Nat'l Ass'n for Stock Car Auto Racing*, 584 F. Supp. 2d at 826. A proposed method of website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Nat'l Ass'n for Stock Car Auto Racing*, 584 F. Supp. 2d at 826 citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315-16 (1950)).

In *National Association for Stock Car Auto Racing*, the United States District Court for the Western District of North Carolina determined that the Plaintiff could serve "Doe" Defendants and apprise those Defendants of a pending preliminary injunction hearing by posting on the Plaintiff's website. *Id*.

Plaintiff created a website that appears at the URL www.sriplaw.com/notice whereon copies of the complaint, this instant Motion, and all other pleadings, documents, and orders issued in this action will be posted. (Rollin Decl. ¶ 7). The address to Plaintiff's website will be provided to Lietucheva via her known e-mail account and will be included upon service of process in this matter. *Id.* Plaintiff respectfully submits that alternative service by posting the summonses and complaint on plaintiff's website would provide notice to defendants sufficient to meet the due process requirements for service of process pursuant to Federal Rule of Civil Procedure 4, apprise

Lietucheva of the pendency of this action, and afford Lietucheva and any other interested parties an opportunity to present their answers and objections.

### B. Service of Process Via Electronic Means Are Not Prohibited by International Agreement.

Service via e-mail and via posting on a designated website are not prohibited by international agreement. Based upon the data provided in connection with Lietucheva's YouTube channel, Lietucheva resides and/or operates from Ukraine.

The United States and Ukraine are signatories to the Hague Convention on the Service Abroad of Judicial and Extra- Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). (Rollin Decl. ¶ 6). The Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or posting on a designated website. As such, there are no international agreements prohibiting service by e-mail or posting on a designated website. (Rollin Decl. ¶ 6).

Alternative means of service, such as e-mail and website posting, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. *See Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, 480 F.Supp.3d 977 (N.D. Cal. Aug. 19, 2020); *WeWork Cos. v. WePlus (Shanghai) Tech. Co.,* No. 5:18-cv-04543-EJD, 2019 U.S. Dist. LEXIS 5047 (N.D. Cal. Jan. 10, 2019) (denying motion to quash alternate service by email on Chinese company); *Keck v. Alibaba.com, Inc.,* No. 17-5672 BLF, 2018 U.S. Dist. LEXIS 128396, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) ("there is no international agreement precluding service on China-based defendants by electronics means"); *Microsoft Corp. v. Goldah.com Network Technology Co., Ltd*., No. 17-2896 LHK, 2017 U.S. Dist. LEXIS 168537, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) ("Yet China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case."); *Juicero, Inc. v. Itaste Co.,* No. 17-1921 BLF, 2017 U.S. Dist. LEXIS 86033, 2017 WL 3996196, at *2 (N.D. Cal. June 5, 2017) (email service on Chinese defendant "at least a permissible means in this case when combined with the two other means"); *In re LDK Solar Securities Litigation,* No. 07-7182 WHA, 2008 U.S. Dist. LEXIS 90702, 2008 WL

2415186, at *3 (N.D. Cal. June 12, 2008) (permitting service of Chinese defendants under Rule 4(f)(3), despite China's objections to Article 10, because the service requested did not [*8] involve service by "postal channels"); *Williams-Sonoma Inc. v. Friendfinder Inc.,* No. 06-6572 JSW, 2007 U.S. Dist. LEXIS 31299, 2007 WL 1140639, at *2 (N.D. Cal. April 17, 2007) (Ukraine, Czech Republic, Switzerland and Norway object to service via postal channels; however, "WSI has demonstrated that service via email is not prohibited by an international agreement.").

Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969).

"Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *WhosHere, Inc. v. Orun*, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a per se objection to other forms of service, such as e-mail or website posting. See *In re S. African Apartheid Litig*., 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service). Consequently, Egypt's objection to the means of alternative service provided in Article 10 is no bar to court-directed service and does not prevent this Court from authorizing alternative service of process via e-mail or website posting. See, e.g., *Gurung*, 279 F.R.D. at 220 (approving service of process on foreign Defendants via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); *FTC v. PCCare247 Inc.,* Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. March 7, 2013) (authorizing service of process via e-mail and Facebook, explaining that "Numerous courts have held that service by email does not violate any

international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); *WhosHere, Inc.*, 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign Defendants via e-mail despite Turkey's objection to Article 10); *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.")

### IV.   CONCLUSION

In view of the foregoing, Plaintiff respectfully requests this Court grant this motion and authorize service of the complaint, summonses, and all filings and discovery in this matter upon Lietucheva in this action:

(1) via e-mail by emailing Lietucheva via the e-mail account provided by that Lietucheva to YouTube and Google; and

(2) via website posting by posting a copy of the complaint, summonses, and all filings and discovery in this matter on plaintiff's website appearing at the URL www.sriplaw.com/notice.

DATED: March 5, 2024                    Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
JOEL B. ROTHMAN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Viral DRM LLC*