UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIRAL DRM LLC,

         Plaintiff,

    v.

MARYNA LIETUCHEVA,

         Defendant.

Case No.  3:23-cv-04300-JSC

**ORDER RE: PLAINTIFF'S MOTION FOR ALERNATIVE SERVICE**

Re: Dkt. No. 79

Plaintiff Viral DRM LLC syndicates and licenses video content of extreme weather events from around the world.  Defendant, a citizen of Ukraine, allegedly downloaded and copied Plaintiff's copyrighted materials from YouTube, and then re-uploaded infringing versions of Plaintiff's copyrighted media content to her YouTube channel(s).  Plaintiff seeks leave to serve Defendant via email and posting on a designated website.  (Dkt. No. 79.)  After carefully considering Plaintiff's motion and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES WITHOUT PREJUDICE the motion for alternative service.

## BACKGROUND

Viral DRM alleges Maryna Lietucheva operates the YouTube Channel EXTREME WEATHER & NATURAL DISASTERS.  (Dkt. No. 71 at ¶ 25.)  Defendant is alleged to have "downloaded Viral DRM's Works, [] edited the Works, removed Viral DRM's copyright management information, and then uploaded infringing versions of Viral DRM's Works to YouTube."  (*Id*. at ¶ 27.)  Defendant did so "to advertise, market and promote their YouTube channel, grow their YouTube channel subscriber base, earn money from advertising to their YouTube subscribers, and engage in other money-making business activities using Viral DRM's

United States District Court
Northern District of California

United States District Court
Northern District of California

1    copyrighted media content." (*Id*. at ¶ 28.) Viral DRM notified YouTube and Defendant of the

2    allegedly infringing behavior by filing DMCA take-down notices, but Defendant responded with

3    false and misleading information. (*Id*. at ¶¶ 44-45.)

4         After filing this action, Plaintiff was granted leave to subpoena Google to obtain

5    information sufficient to identify the individual operating Defendant's YouTube channel. (Dkt.

6    No. 35.) Plaintiff now seeks leave to serve Defendant through alternative email service to the

7    email address Google provided in response to the subpoena as well as by website posting. (Dkt.

8    No. 79.) Plaintiff contends "allowing e-mail service in the present case is appropriate and

9    comports with constitutional notions of due process, particularly given Lietucheva's decision to

10   conduct her illegal businesses using the Internet and utilizing e-mail as a primary means of

11   communication." (Dkt. No. 79 at 11.)

12                                    **DISCUSSION**

13        Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an

14   individual in a foreign country. Under Rule 4(f)(3), courts can order service through a variety of

15   methods, "including publication, ordinary mail, mail to the defendant's last known address,

16   delivery to the defendant's attorney, telex, and most recently, email[,]" so long as the method of

17   service is not prohibited by an international agreement. *Rio Props., Inc. v. Rio Intern. Interlink*,

18   284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted). "However, the fact that an alternative

19   method of service is not prohibited by international agreement does not mean that the plaintiff is

20   entitled to use such a method under Rule 4(f)(3)." *Keck v. Alibaba.com, Inc*., 330 F.R.D. 255,

21   257–58 (N.D. Cal. 2018). It is within a court's "sound discretion" to determine whether "the

22   particularities and necessities of a given case require alternate service of process under Rule

23   4(f)(3)." *Rio Properties*, 284 F.3d at 1016.

24        To comport with due process, alternate service of process must be "reasonably calculated

25   to apprise interested parties of the pendency of the action and afford them an opportunity to

26   present their objections." *Id*. at 1016–17 (citation omitted). Service by email may be proper when

27   (1) international agreement does not prohibit service by email, and (2) service by email is

28   reasonably calculated to provide actual notice to the defendant. *See D.Light Design, Inc. v. Boxin*

2

United States District Court
Northern District of California

1    *Solar Co*., No. C–13–5988 EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015) (collecting

2    cases).

3         International agreement does not prohibit service by email here. The Hague Service

4    Convention governs because the United States and Ukraine are both parties to this multilateral

5    treaty.  *See* Hague Service Convention Status Table,

6    https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Apr. 11, 2024).

7    The Convention's language is mandatory "in all cases, in civil or commercial matters, where there

8    is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk v.*

9    *Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (internal quotation marks omitted). The

10   Convention authorizes service in several ways, including (a) through a receiving country's central

11   authority, (b) by diplomatic and consular agents, through consular channels, on judicial officers in

12   the receiving country, or direct service by postal channels, unless the receiving country objects,

13   and (c) by additional methods of service that a signatory country may designate within their

14   borders either unilaterally or through side agreements.  *Facebook, Inc. v. 9 Xiu Network*

15   *(Shenzhen) Technology Co., Ltd*., 480 F. Supp. 3d 977, 980 (2020). "Nothing in the Hague

16   Convention itself prohibits alternative service by email, when such service is directed by a court."

17   *See Google LLC v. Does 1-3*, No. 23-CV-05823-VKD, 2023 WL 8851619, at *2 (N.D. Cal. Dec.

18   21, 2023) (collecting cases).

19        Plaintiff, however, has not made an adequate showing service by email comports with due

20   process.  As a threshold matter, Plaintiff has not identified the email address(es) it intends to use to

21   serve Defendant.  Plaintiff indicates it plans to use the email address Google provided in response

22   to a subpoena, but it has not attached a copy of Google's response.  *See, e.g*., *Google*, 2023 WL

23   8851619, at *2 (relying on Google subscriber records submitted with the motion for alternative

24   service demonstrating the accounts were active and recently accessed to demonstrate service by

25   email was "likely to reach defendants and is reasonably calculated to provide them actual notice of

26   this action.").

27        Nor has Plaintiff provided evidence the email address Defendant provided Google is likely

28   to be legitimate.  Plaintiff contends Defendant must provide Google "a valid electronic means to

contact her" "in order to communicate with Google, receive notice of DMCA takedowns, submit counternotices, receive payment advices, and communicate with YouTube concerning her YouTube channel," but Plaintiff alleged in the complaint the information in Defendant's counternotice was fraudulent.  (*Compare* Dkt. No. 79 at 7 *with* Dkt. No. 71 at ¶¶ 45-46.)  The counternotice indicates EXTREME WEATHER & NATURAL DISASTERS is registered to a Kevin MacLeod who lives in Birmingham, AL and uses the email address lety4evam@gmail.com. (Dkt. No. 71-3 at 12.)  Given Plaintiff named Ms. Lietucheva and not Mr. MacLeod as a defendant, it appears Plaintiff contends this information is inaccurate, but Plaintiff does not explain this or provide evidence Google provided a different email address which it used to communicate with Ms. Lietucheva.

Nor has Plaintiff provided other evidence demonstrating service by email is likely to reach Defendant.  For example, Plaintiff has not provided evidence it attempted to communicate with Defendant at the lety4evam@gmail.com email address or another email address to ensure the address is legitimate.  *See, e.g.*, *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); *Hillbroom v. Lujan*, 2010 WL 11515374, at *2 (C.D. Cal. May 3, 2010) (permitting service of foreign individual by email where individual used the subject email address to communicate with counsel); *Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-5666, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same).  While Plaintiff has previously indicated it was concerned Defendant might change ownership of the YouTube channel if Plaintiff provided notice of this action, the motion for alternative service does not discuss this issue.  (Dkt. No. 26-5 at ¶¶ 14-15.)

Finally, while the motion repeatedly references Defendant's email address in the singular, it also states "[b]ased upon plaintiff's investigation, Lietucheva has multiple forms of electronic means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with Lietucheva, and consequently, the most reliable means of providing Lietucheva with notice of this action."  (Dkt. No. 79 at 10 (citing Rollin Decl. ¶¶ 7-8).)  Mr. Rollin's declaration, however, only refers to Defendant's "email address."  It is unclear if this

is a typographical error or if Ms. Lietucheva has multiple email addresses at which Plaintiff should attempt service.

In sum, Plaintiff's motion for alternative service fails to satisfy Rule 4(f) and constitutional due process.

### CONCLUSION

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to serve Defendant by alternative means.

This Order disposes of Docket No. 79.


**IT IS SO ORDERED.**

Dated:  April 11, 2024

JACQUELINE SCOTT CORLEY
United States District Judge